Mark M. Bettilyon, UT
Jed H. Hansen, UT 10679
**THORPE, NORTH & WESTERN, LLP**
175 South Main Street, Suite 510
Salt Lake City, Utah 84111
Telephone: (801) 566-6633
Facsimile: (801) 566-0750

*Attorneys for Plaintiffs, Alliance Sports Group, LLP and Walter R. Tucker Enterprises, LTD., dba E-Z Red Company*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DISTRICT

| | |
|---|---|
| Alliance Sports Group, L.P., a Texas limited liability partnership; and Walter R. Tucker Enterprises, LTD., dba E-Z Red Company, a New York corporation,<br><br>    Plaintiffs,<br><br>vs.<br><br>Promier Products Inc., an Illinois corporation,<br><br>    Defendant. | **COMPLAINT WITH JURY DEMAND**<br><br>Case No.: 2:16-cv-00731-EJF<br><br>Magistrate Judge Evelyn J. Furse |

Plaintiffs Alliance Sports Group, LLP ("ASG") and Walter R. Tucker Enterprises, LTD., dba E-Z Red Company ("E-Z RED") (collectively "Plaintiffs") hereby file this Complaint with Jury Demand against Defendant Promier Products Inc. ("Promier" or "Defendant").

**COMPLAINT**

Plaintiffs complain and allege as follows:

1

## PARTIES, JURISDICTION AND VENUE

1. Plaintiff Alliance Sports Group, LLP is a Texas limited partnership having a principal place of business at 3025 North Great Southwest Parkway, Grand Prairie, Texas 75050 ("ASG").

2. Plaintiff Walter R. Tucker Enterprises, LTD., dba E-Z Red Company is a New York corporation with its principal place of business at 8 Leonard Way, Deposit, New York 13754 ("E-Z RED")

3. Upon information and belief, Defendant Promier Products Inc. is an Illinois company with its principal place of business at 304 5th Street, Peru, Illinois 61354.

4. Plaintiffs bring this action under U.S. patent laws, 35 U.S.C. §§ 1 et seq. and under various other Utah state law and common law provisions.

5. This Court has subject matter jurisdiction over this action under 28 U.S.C. §§ 1331 and 1338.

6. This Court has supplemental jurisdiction over any state law, or statutory and common law claims pursuant to 28 U.S.C. § 1367.

7. Upon information and belief, this Court has specific personal jurisdiction over Defendant as Defendant has purposefully directed its activities toward the state of Utah and has sold the products at issue in this case into the state of Utah.

8. Upon information and belief, this Court has general personal jurisdiction over Defendant since its contacts with Utah are substantial, continuous, and systematic and this action is based upon activities that arise out of, or are related to, those contacts.

9. Venue is proper in this judicial district pursuant to 28 U.S.C. §1391 because Defendant conducts business in this district directly related to the patent at issue in this case thereby causing harm to Plaintiffs in this judicial district and Plaintiff ASG maintains employees and offices in this judicial district.

## GENERAL ALLEGATIONS
### PLAINTIFFS' PRODUCTS AND INTELLECTUAL PROPERTY

10. Plaintiffs are in the business of inventing, developing, manufacturing, distributing, and selling various products including lighting products. In particular, Plaintiff EZ-RED has invented, developed, manufactured, distributed, and sold pen-shaped utility portable light products under its EZ-RED brand ("EZ-RED Portable Light").

11. The EZ-RED utility portable lights include novel and unique technologies and EZ-RED has been awarded and is the owner of a United States Patent No. 8,628,210 protecting its utility portable light from copying and other acts of patent infringement (hereinafter the "'210 Patent"). The '210 Patent was granted on January 14, 2014. A copy of the '210 patent is attached hereto as Exhibit A.

12. Plaintiff ASG is the exclusive licensee of the '210 in the United States and sells a variety of utility portable lights that are covered by the claims of the '210 Patent (the "ASG Portable Light"). The ASG Portable Light and the EZ-RED Portable Light have gained significant renown and enjoyed significant sales since their introduction into the market.

### DEFENDANT'S MISCONDUCT

13. Upon information and belief, Defendant makes, uses, sells, offers for sale, and/or imports into the United States, several utility portable light products that infringe one or more claims of the '210 Patent (the "Infringing Products"), including claim 1 of the '210 Patent.

14. Claim 1 of the '210 Patent recites:

A portable light comprising:
    a pen-shaped housing having an upper end, a lower end and a cavity for receiving a power source therein;
    said housing further comprising at said upper end a channel having a first channel wall and a second channel wall, said first channel wall and said second channel wall being spaced apart substantially equidistant from each other and parallel to each other, and a plurality of LED lights in said channel arranged in a column; and

3

wherein said channel walls have a height greater than the height of said LED lights.

15. Upon information and belief, each of Defendant's Infringing Products contains each and every element of claim 1 of the '210 Patent.

16. Upon information and belief, Defendant is in direct competition with Plaintiffs in the utility portable light market.

17. Upon information and belief, each of Defendant's Infringing Products is a copy of each of Plaintiff ASG's Portable Lights.

18. Specifically, Plaintiff ASG markets a utility portable light under the brand Larry2 that is covered by the '210 Patent. Upon information and belief, Promier copied the Larry2 product and has sold that product in the United States, including Utah. A side-by-side comparison of those two products is provided below.



ASG Larry2                                      Promier Copy

19. Plaintiff ASG also markets a utility portable light under the brand Lil Larry that is covered by the '210 Patent. Upon information and belief, Promier also copied ASG's Lil Larry product and has sold that product in the United States, including Utah. A side-by-side comparison of those two products is provided below.

 

ASG Lil Larry                    Promier Copy

20. Plaintiff ASG also markets a utility portable light under the brand Big Larry that is covered by the '210 Patent. Upon information and belief, Promier also copied ASG's Big Larry product and has sold that product in the United States, including Utah. A side-by-side comparison of those two products is provided below.



ASG Big Larry                    Promier Copy

21. Upon information and belief, Defendant makes, uses, sells, imports, offers for sale, and/or distributes its Infringing Products in the United States, including in Utah.

22. Upon information and belief, Defendant's continued manufacture, use, sale, import, and offer for sale, and distribution of its Infringing Products has injured, is injuring, and will continue to cause irreparable injury to Plaintiffs.

23. Additionally, upon information and belief, Defendant acted in an objectively reckless manner with respect to Plaintiffs' patent rights.

5

24. Upon information and belief, Defendant copied at least ASG's Portable Light Products. Moreover, upon information and belief, Defendant made, used, sold, offered for sale, and imported into the United States its Infringing Products knowing that it was highly likely that its acts would constitute infringement of a valid patent. Upon information and belief, Defendant knew, or should have known, that its actions were highly likely to result in the infringement of a valid patent. As a consequence, Defendant has engaged in willful infringement of the '210 Patent. Plaintiffs are therefore entitled to treble damages and attorneys' fees as well as costs incurred in this action along with prejudgment interest under 35 U.S.C. §§ 284 and 285.

25. Plaintiffs have been, and continue to be, significantly damaged by Defendant's actions. So long as Defendant continues performing the unlawful and improper actions described in this Complaint, Plaintiffs will continue to suffer irreparable harm that will not be fully compensable by money damages.

### FIRST CAUSE OF ACTION
(PATENT INFRINGEMENT OF THE '210 PATENT UNDER 35 U.S.C. § 271)

26. Plaintiffs hereby incorporate by reference each and every preceding allegation of this Complaint as if set forth fully herein.

27. EZ-RED owns the '210 Patent.

28. ASG is the exclusive licensee of the '210 Patent.

29. Defendant makes, uses, sells, offers for sale, and/or imports into the United States one or more portable light products that infringe at least claim 1 of the '210 Patent, either literally or under the doctrine of equivalents.

30. At no time has ASG or EZ-RED granted Defendant permission, license, or authorization to make, use, sell, offer for sale, or import the Infringing Products or to practice the claims of the '210 Patent.

31.     Upon information and belief, Defendant's infringing activities have damaged the Plaintiffs in an amount to be proven at trial.  Among other remedies, Plaintiffs are entitled to lost profits and/or a reasonable royalty to adequately compensate Plaintiffs for Defendant's infringing activities under 35 U.S.C. §284.  Additionally, the harm to Plaintiffs arising from these acts by Defendant is not fully compensable by money damages.  Plaintiffs have suffered, and continue to suffer, irreparable harm that has no adequate remedy at law and that will continue unless the infringing conduct by Defendant is preliminarily and permanently enjoined.

32.     Upon information and belief, Defendant acted in an objectively reckless manner with respect to Plaintiffs' patent rights.  Upon information and belief, Defendant made, used, sold, and offered for sale its Infringing Products knowing that it was highly likely that its acts would constitute infringement of a valid patent and at the very least copied Plaintiffs' products.   As a consequence, Defendant has engaged in willful infringement of the '210 Patent.  Plaintiffs are therefore entitled to treble damages and attorneys' fees as well as costs incurred in this action along with prejudgment interest under 35 U.S.C. §§ 284 and 285.

**SECOND CAUSE OF ACTION**
(CONTRIBUTORY INFRINGEMENT OF THE '210 PATENT UNDER 35 U.S.C. § 271)

33.     Plaintiffs hereby incorporate by reference each and every preceding allegation of this Complaint as if set forth fully herein.

34.     EZ-RED owns the '210 Patent.

35.     ASG is the exclusive licensee of the '210 Patent.

36.     Upon information and belief, Defendant makes, uses, sells, offers for sale, and/or imports into the United States a product that is material to practicing claims of the '210 Patent.

37. At no time have the Plaintiffs granted Defendant permission, license, or authorization to make, use, sell, offer for sale, or import the Infringing Products or practice the claims of the '210 Patent.

38. Upon information and belief, the Infringing Products marketed and sold by Defendant have no substantial non-infringing uses.

39. Moreover, upon information and belief, the Infringing Products are known by Defendant to be especially made or especially adapted for use in an infringement of the '210 Patent.

40. Upon information and belief, Defendant's infringing activities have damaged Plaintiffs in an amount to be proven at trial. Among other remedies, Plaintiffs are entitled to their lost profits and/or a reasonable royalty to adequately compensate them for Defendant's infringing activities under 35 U.S.C. §284. Additionally, the harm to Plaintiffs arising from the acts of Defendant is not fully compensable by money damages. Plaintiffs have suffered, and continue to suffer, irreparable harm that has no adequate remedy at law and that will continue unless the infringing conduct by Defendant is preliminarily and permanently enjoined.

41. Upon information and belief, Defendant acted in an objectively reckless manner with respect to Plaintiffs' patent rights. Upon information and belief, Defendant made, used, sold, and offered for sale its Infringing Products knowing that it was highly likely that its acts would constitute infringement of a valid patent and at the very least copied Plaintiffs' products. As a consequence, Defendant has engaged in willful infringement of the '210 Patent. Plaintiffs are therefore entitled to treble damages and attorneys' fees as well as costs incurred in this action along with prejudgment interest under 35 U.S.C. §§ 284 and 285.

## THIRD CAUSE OF ACTION
### (INDUCED PATENT INFRINGEMENT OF THE '210 PATENT UNDER 35 U.S.C. § 271)

42. Plaintiffs hereby incorporate by reference each and every preceding allegation of this Complaint as if set forth fully herein.

43. EZ-RED owns the '210 Patent.

44. ASG is the exclusive licensee of the '210 Patent.

45. Upon information and belief, Defendant makes, uses, sells, offers for sale, and/or imports into the United States a product that is material to practicing claims of the '210 Patent.

46. At no time have the Plaintiffs granted Defendant permission, license, or authorization to make, use, sell, offer for sale, or import the Infringing Products or practice the claims of the '210 Patent.

47. Upon information and belief, Defendant actively induces its customers to make use of the Infringing Products in a manner that infringes the '210 Patent.

48. Upon information and belief, Defendant possessed specific intent to encourage its customers to make use of the Infringing Products in a manner that Defendant knew, or should have known, would infringe the '210 Patent.

49. Upon information and belief, Defendant's infringing activities have damaged Plaintiffs in an amount to be proven at trial. Among other remedies, Plaintiffs are entitled to their lost profits and/or a reasonable royalty to adequately compensate them for Defendant's infringing activities under 35 U.S.C. §284. Additionally, the harm to Plaintiffs arising from the acts of Defendant is not fully compensable by money damages. Plaintiffs have suffered, and continue to suffer, irreparable harm that has no adequate remedy at law and that will continue unless the infringing conduct by Defendant is preliminarily and permanently enjoined.

50. Upon information and belief, Defendant acted in an objectively reckless manner with respect to Plaintiffs' patent rights.  Upon information and belief, Defendant made, used, sold, and offered for sale its Infringing Products knowing that it was highly likely that its acts would constitute infringement of a valid patent and at the very least copied Plaintiffs' products.   As a consequence, Defendant has engaged in willful infringement of the '210 Patent.  Plaintiffs are therefore entitled to treble damages and attorneys' fees as well as costs incurred in this action along with prejudgment interest under 35 U.S.C. §§ 284 and 285.

## FOURTH CAUSE OF ACTION
### (UTAH UNFAIR COMPETITION UNDER U.C.A. § 13-5A-101 ET SEQ.)

51. Plaintiffs hereby incorporate by reference each and every preceding allegation of this Complaint as if set forth fully herein.

52. Upon information and belief, Defendant has willfully, intentionally, and/or recklessly infringed the '210 Patent.

53. Defendant's infringement of the '210 Patent is unlawful.

54. Upon information and belief, Plaintiffs have been injured by Defendant's infringing acts.

55. Accordingly, Defendant's actions constitute unfair competition in violation of the Utah Unfair Competition Act, Utah Code Ann. §13-5a-101 et seq.

56. Plaintiffs have suffered actual damages, including lost profits, as a result of Defendant's unfair business practices in an amount to be proven at trial.  Additionally, the harm to Plaintiffs arising from these acts is not fully compensable by money damages.  Plaintiffs have suffered, and continue to suffer, irreparable harm that has no adequate remedy at law and that will continue unless the unfair competition committed by Defendant is permanently enjoined.


57. Plaintiffs are entitled to damages in an amount to be proven at trial pursuant to U.C.A. § 13-5a-103.

58. Plaintiffs are entitled to punitive damages in an amount to be proven at trial pursuant to U.C.A. § 13-5a-103.

59. Plaintiffs are entitled to costs and attorneys' fees pursuant to U.C.A. § 13-5a-103.

## FIFTH CAUSE OF ACTION
### (UNJUST ENRICHMENT UNDER UTAH COMMON LAW)

60. Plaintiffs hereby incorporate by this reference each and every preceding allegation of this Complaint as if set forth fully herein.

61. Defendant has benefited from the improper, unfair, and unauthorized use of the '210 Patent as alleged herein.

62. Defendant knew, or should have known, that its actions were improper and fully appreciated the benefits received as a result of its improper actions.

63. Defendant would be unjustly enriched if it were permitted to retain the benefits obtained from such actions.

64. Equity and good conscience require that Defendant be required to account for, and pay to Plaintiffs, an amount equal to value of the benefits conferred upon it.

**WHEREFORE**, it is respectfully requested that the Court enter judgment in favor of Plaintiffs as follows:

A. That the Court enter judgment that Defendant has infringed the '210 Patent either literally or under the doctrine of equivalents.

B. That the Court enter judgment that Defendant is liable to Plaintiffs for contributory infringement of the '210 Patent.

      C.     That the Court enter judgment that Defendant is liable to Plaintiffs for inducement to infringe the '210 Patent.

      D.     That the Court enter judgment declaring that Defendant's conduct constitutes unfair competition in violation of U.C.A. §13-5A-101 et seq.

      E.     That the Court enter judgment that Defendant has been unjustly enriched through its misconduct.

      F.     That Defendant be ordered to pay damages to Plaintiffs, together with interest, in an amount to be determined by this Court.

      G.     That the Court award Plaintiffs treble damages pursuant to 35 U.S.C. §284.

      H.     That the Court award Plaintiffs punitive damages pursuant to Utah Code. Ann. § 13-5a-102 and § 13-5a-103.

      I.     That the Court award Plaintiffs' costs and attorneys' fees related to this action pursuant to 35 U.S.C. §285 and/or Utah Code. Ann. §§ 13-5a-102, 103.

      J.     That the Court award Plaintiffs prejudgment interest.

      K.     That Plaintiffs have such other and further relief as shall seem just and proper to the Court.

      L.     That the Court grant preliminary and permanent injunctive relief enjoining Defendant, its officers, directors, principals, agents, servants, employees, successors and assigns, and all other aiding, abetting, or acting in concert or active participation therewith, from directly or indirectly infringing the '210 Patent, including without limitation, precluding Defendant from making, using, selling, offering for sale, or importing the Infringing Products.

# JURY DEMAND

Plaintiffs hereby demand that all claims and causes of action raised in this Complaint be tried to a jury to the fullest extent possible under the United States and Utah Constitutions.

DATED this 27th day of June, 2016.

                                                   **THORPE NORTH & WESTERN, LLP**

                                                   *Jed H. Hansen*
                                                   Mark M. Bettilyon
                                                   Peter M. de Jonge
                                                   Jed H. Hansen

                                                   *Attorneys for Plaintiffs, Alliance Sports Group, LLP and Walter R. Tucker Enterprises, LTD., dba E-Z Red Company*